AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2011 FEB -7  AM 8:43

CLERK, U. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| DAVID E. DELGROSSO | Case Number: 10CR0805-DMS |
| | Robert H Rexrode III CJA |
| | Defendant's Attorney |



**REGISTRATION NO.** 19172298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s)   1 of the Information

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 2422(b) | ENTICEMENT OF A MINOR | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $100.00.

☒ Fine waived.          ☐ Forfeiture pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

FEBRUARY 4, 2011
Date of Imposition of Sentence

HON. DANA M. SABRAW
UNITED STATES DISTRICT JUDGE

10CR0805-DMS

AO 245B     (Rev. 9/00) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: DAVID E. DELGROSSO
CASE NUMBER: 10CR0805-DMS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED TWENTY (120) MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

Defendant participate in the Sex Offender Treatment program.
Defendant be designated to FMC Devens.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

10CR0805-DMS

AO 245D    (Rev. 3/10) Judgment in a Criminal Case for Revocations
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __4__

DEFENDANT: DAVID E. DELGROSSO
CASE NUMBER: 10CR0805-DMS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
TEN (10) YEARS.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backing Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**10CR0805-DMS**

DEFENDANT: DAVID E. DELGROSSO
CASE NUMBER: 10CR0805-DMS

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds of revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, as the direction of the court or probation officer; and that the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

3. Not possess any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children and/or adults, as defined by 18 USC 2256(2); and not patronize any place where such materials or entertainment are available.

4. Not have unsupervised contact with any child under the age of 18, unless in the presence of a supervising adult (who is aware of the defendant's deviant sexual behavior and conviction), and with the prior approval of the probation officer.

5. Not knowingly associate with, or have any contact with any sex offenders, unless in an approved treatment and/or counseling setting.

6. Not be employed in or participate in any volunteer activity that involves contact with children under the age of 18, except under circumstances approved in advance (and in writing) by the probation officer.

7. Not accept or commence employment without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

8. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

9. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

10. Consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender may be required to pay for the costs of installation of the computer software.